UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

LOUISE LIGHTFOOT and )
CLAYTON LIGHTFOOT, )
 )
    Plaintiffs, )
 )
v. ) Case No. 1:05CV64 RWS
 )
S.C. MANAGEMENT, INC., et al., )
 )
    Defendants. )

## **MEMORANDUM AND ORDER**

    This matter concerns the medical treatment that Plaintiff Louise Lightfoot received at Defendants S.C. Management's healthcare facility in February 2003. She filed suit against S.C. Management and three doctors for medical negligence in the Circuit Court of Dunklin County, Missouri on December 28, 2004. She claims that she incurred injuries as a result of Defendants treatment of her complaints of, among other things, lower extremity swelling and shortness of breath. Her husband Clayton has filed a claim for loss of consortium.

    Defendant Gustavo Granada, M.D. was acting as a United States Public Health Service Employee at the time of the acts that gave rise to this lawsuit. As a consequence, the United States removed the case to this Court. The United States was substituted for Granada as a Defendant. The United States now moves to dismiss the claims against it for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because Lightfoot failed to file an administrative claim before she filed her lawsuit. The filing of an administrative claim is required by the Federal Torts Claim Act (FTCA), 28 U.S.C. §2671 *et seq.* Because Lightfoot failed to comply with the requirements of the FTCA I will grant the United States' motion to dismiss.

*Legal Standard*

When ruling upon a motion to dismiss under Fed. R. Civ. P. 12(b)(1), a district court is free to review matters outside of the complaint such as affidavits and documents. Osborn v. United States, 918 F.2d 724, 729-31 (8th Cir. 1990). Unlike a decision based on a Rule 12(b)(6) motion, a court's review of information outside of a complaint does not convert a Rule 12(b)(1) motion into a Rule 56 motion for summary judgment. Id. A Rule 12(b)(1) motion is distinct in that, unlike a Rule 12(b)(6) motion, when a factual challenge to jurisdiction is made by a movant there is no presumptive truthfulness attached to a plaintiff's allegations in the complaint. Id. at 730 (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)).

*Discussion*

The United States moves for dismissal on the grounds that Lightfoot failed to file a claim with the appropriate administrative agency, the United States Department of Health and Human Services, before filing this lawsuit.

The FTCA creates a limited waiver of sovereign immunity, permitting plaintiffs to bring suit against the United States-

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346.

In order to bring suit against the United States, a plaintiff must first present an administrative claim requesting a sum certain in damages to the appropriate federal agency and the claim must be denied. 28 U.S.C. § 2675(a). Any such claim must be presented within two

years of the alleged injury. Section 2401(b) provides that a tort claim against the United States "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b). This statute is a limitation on the government's waiver of sovereign immunity that must be strictly construed. K.E.S. v. United States, 38 F.3d 1027, 1029 (8th Cir.1994).

An administrative claim was not filed before this lawsuit was filed on December 28, 2004. Although an administrative claim was subsequently filed in early February 2005, that filing does not satisfy the requirements of the FTCA. The filing of an administrative claim is a jurisdictional prerequisite for a claimant to proceed against the United States in court. McNeil v. U.S., 508 U.S. 106, 113 (1993)(the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies).

Because it is clear that Plaintiffs failed to exhaust their administrative remedies with the United States before this lawsuit was commenced, I will grant the United States' motion to dismiss.

Plaintiffs request that, if I dismiss the United States as a Defendant, I keep jurisdiction over this case while their administrative claim against the United States is exhausted. The administrative claim process may take up to six months to be exhausted or the claim may be settled in the process. This lawsuit concerns only state law issues. The only basis for removal to this Court was the presence in the suit of the United States which was premature under the FTCA. I decline to keep jurisdiction of this matter based on speculation as to when and if the United States will be rejoined in this suit.

Two additional facts weigh in favor of remand. Defendant Anthony T. White, M.D. has

filed a motion to dismiss based on a lack of personal jurisdiction.  Plaintiffs assert that this issue has already been ruled upon in the state court before the case was removed.  The state court is in the best position to rule upon this dispute.  In addition, Defendant Amy Rachel Lockhert, M.D. filed a motion to dismiss based on the timeliness of when Plaintiffs filed their affidavit of a healthcare provider that is required to be filed under R.S.Mo. § 538.225.  This issue is also a purely state law matter that is best left to the state court.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant the United States of America's motion to dismiss the claims against it for lack of subject matter jurisdiction [#22] is **GRANTED**.

An appropriate Order of Remand will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of July, 2005.